UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON


CIVIL ACTION NO. 05-CV-637-KKC

MICHAEL EARL PEARSALL                                             PETITIONER

VS:                          **MEMORANDUM OPINION AND ORDER**

D.L. STINE, *Warden*                                             RESPONDENT


Michael Earl Pearsall, who is currently incarcerated in the United States Prison-McCreary in Pine Knot, Kentucky ("USP-McCreary"), has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 [Record No. 2].  He has paid the $5.00 filing fee [Record No.6].

This matter is now before the Court for screening.  28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys.  *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).  The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner.  *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).  However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action:  (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

NAMED RESPONDENTS

The Petitioner has named D.L. Stine, the warden of USP-McCreary, as the Respondent.

CLAIMS

The Petitioner argues that he is being required to serve a sentence in violation of the Due Process Clause of the Fifth Amendment of the United States Constitution. The petitioner claims that his 12-month supervised release term is to run concurrently with his 108-month prison term. He challenges the Bureau of Prisons' ("BOP") determination that the supervised release term is to run consecutive to his 108-month prison term.

ALLEGATIONS OF THE PETITION

1. Criminal Plea and §2255 Motion

The petitioner states that he pled guilty to various drug offenses in the United States District Court for the Eastern District of North Carolina, Southern Division ("the trial court"). He states that on June 24, 2004, the trial court sentenced him to serve a 108-month term of imprisonment and a 12-month term of supervised release.

At first blush, upon reading the instant §2241 petition, it would appear that the service of the 12-month term of supervised release, about which the petitioner complains, relates to the sentence he received in the trial court in 2004. That is not the case.

The petitioner attached to his §2241 petition the Sentencing Transcript from the trial court [Record No. 1]. A close review of that transcript reveals that in 1995, in the United States District Court for the Middle District of North Carolina, the petitioner had been convicted of federal drug offenses. His 2004 charges in the trial court consisted in part of a violation of his term of supervised release imposed in 1995 the Middle District of North Carolina.

It appears that in sentencing the petitioner in June of 2004, the trial court judge imposed a 108- month prison term for drug offenses and an additional 12-month sentence in connection with

2

the petitioner's violation of the supervised release term imposed back in 1995. The trial court judge

stated that the petitioner was to receive a combined sentence of 120 months, stating as follows:

> "I'll sentence him on this to 108 months in the custody of the United States Bureau
> of Prisons and 12 months on his violation of supervised release to run concurrent, for
> a combined sentence of 120 months.  Put him on supervised release in this case for
> a period of five years at the expiration of his active sentence."

[*See* Record No. 1 (Attachment: Trial Court Sentencing Transcript, pp. 10-11)].

The docket sheet from the trial court reflects that on December 29, 2005, the petitioner filed

a motion to vacate his sentence pursuant to 28 U.S.C. §2255 [Trial Court Record, Nos. 21 and 22].[1]

The petitioner's §2255 motion is currently pending in the trial court.  The United States' response

to the §2255 motion is due on February 28, 2006 [Trial Court Record, No. 23 (Order)].

## 2.  Petitioner's Legal Argument

The petitioner contends that the supervised release term was to be served concurrent to his

prison term.  He contends that at sentencing, the trial court judge specified that the supervised release

term was to run concurrently with his prison term.  He states that  Jennifer Kidd, his Case Manager

at USP-McCreary, informed him that his supervised release term was to run consecutive to his prison

term.  Petitioner argues that the BOP's determination is a "clerical error" which this Court needs to

correct.  Based on the following reasons, the petition must be dismissed without prejudice.

## DISCUSSION
### 1.  Remedy under 28 U.S.C. §2255

The general rule is that 28 U.S.C. §2255 relates to conviction and imposition of sentence

and such issues must be brought before the trial court.  A petition for writ of habeas corpus pursuant

---

[1]

The petitioner stated in his submissions, filed herein on November 16, 2005, that he did not file a motion in
the trial court to vacate his sentence pursuant to 28 U.S.C. §2255.

to 28 U.S.C. §2241 is to be brought in the district where a petitioner is incarcerated and may only

challenge execution of sentence, such as the computation of parole or sentence credits.  *See*

*Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *United States v. Jalili*, 925 F.2d 889, 893 (6th

Cir.1991); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 986) (per curiam); *Cohen v. United States*,

593 F.2d 766, 770-71 (6th Cir. 1979); (per curiam); *Wright v. United States Bd. of Parole*, 557 F.2d

74, 77 (6th Cir.1977).

It would appear that the instant petitioner is not challenging the manner in which his sentence

is being executed, but is instead challenging the terms and/or the validity of his sentence.

Accordingly, the trial court, not this Court, must address his claims under 28 U.S.C. §2255.  *Capaldi*

*v. Pontesso*, 135 F.3d 1122 (6th Cir. Feb. 5, 1998); *Moore v. Perrill*, 39 F.3d 1192, 1994 WL 628939

(10th Cir. 1994) (Unpublished opinion).  The petitioner's §2255 motion is currently pending in the

trial court, which is the appropriate forum for addressing the challenge to the sentence. The Court

therefore declines to address the § 2241 petition and will dismiss it without prejudice

The petitioner is advised in advance that even if he does not prevail in his §2255 motion,  he

may not proceed in this Court under 28 U.S.C. §2241 except under extraordinary circumstances.  As

noted, a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 is reserved for a challenge

to the manner in which a sentence is executed, rather than to the validity of the sentence itself.

*United States v. Jalili*, 925 F.2d at 893.

In *Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir. 1999), and as amended later in *Martin*

*v. Perez*, 319 F.3d 799 (6th Cir. 2003), the Sixth Circuit established the threshold which must be met

in a §2241 petition challenging a conviction or sentence.  *Charles* requires that a petitioner

demonstrate that his remedy under §2255 is truly "inadequate" or "ineffective," and neither an earlier

unsuccessful §2255 motion nor a time bar will meet this standard. *Charles*, 180 F.3d at 757. The

burden is on the petitioner to demonstrate inadequacy or ineffectiveness as a threshold matter. *Id.*

at 756. *Charles* establishes that the remedy afforded under §2241 is not an additional, alternative

or supplemental remedy to that prescribed under §2255. *Id.*

CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1)     The petitioner's "Motion for an Order Correcting Petitioner's Term in Federal

Custody to Stay" [Record No. 3] is **DENIED**.

(2)     The §2241 petition for habeas corpus [Record No. 2] is **DENIED**, and this action

is **DISMISSED WITHOUT PREJUDICE**, *sua sponte,* from the docket of the Court.

(3)     Judgment shall be entered contemporaneously with this Memorandum Opinion

and Order in favor of the named Respondent.

Dated this 10th day of February, 2006.

**Signed By:**
*Karen K. Caldwell*
**United States District Judge**